Ousmane DIOP, Petitioner,

v.

Michael B. MUKASEY,[1] United States Attorney General, Respondent.

No. 07–1779–ag.

United States Court of Appeals, Second Circuit.

Feb. 19, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Parker Waggaman, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Cindy Ferrier, Senior Litigation Counsel; Hannah Baublitz, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, DC, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JOSEPH M. McLAUGHLIN, and Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Ousmane Diop, a native and citizen of Mauritania, seeks review of a March 30, 2007 order of the BIA affirming the September 13, 2005 decision of Immigration Judge ("IJ") Gabriel C. Videla, which denied his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Diop, Ousmane*, No. A97 152 946 (B.I.A. Mar. 30, 2007), *aff'g* No. A97 152 946 (Immig. Ct. N.Y. City Sept. 13, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA affirms the IJ's decision in all respects but one, this Court reviews the IJ's decision as modified by the BIA decision, i.e., "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005).

Here, the BIA did not adopt the IJ's adverse credibility determination but "agree[d]" with the IJ's finding that Diop did not establish his eligibility for asylum. As such, we assume, but do not determine, Diop's credibility for our purposes of review. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271–272 (2d Cir.2005).

We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dept. of Justice*, 494 F.3d 296, 305 (2d Cir.2007)(in banc). We review de novo questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003).

As an initial matter, we need not address the agency's denial of Diop's CAT claim because he did not challenge it either before the BIA or in his brief to this Court. In such circumstances, we deem the claim abandoned. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 546 n. 7 (2d Cir.2005).

The BIA did not err in determining that Diop failed to establish eligibility for asylum. As to past persecution, Diop did not testify that he was ever arrested, detained or harmed in any way, either as a result of a false accusation that he was a member of a black nationalist organization or the Mauritanian government's persecution of black Mauritanians generally. Moreover, Diop has not argued that the threat of arrest he faced constituted past persecution. *See Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61 (2d Cir.2002)

Regarding Diop's fear of persecution claim, the BIA properly determined that

Diop failed to demonstrate that it was objectively reasonable. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004) (emphasizing that to establish eligibility for asylum, an applicant must show that he or she subjectively fears persecution and that this fear is objectively reasonable). Although Diop testified that he believed Mauritanian authorities were still looking for him, he has had no contact with his family since he left Mauritania in June 1999. Although Diop testified that he believed conditions in Mauritania were the same as when he left, he did not indicate whether or how he kept informed of conditions. Because Diop failed to testify as to the basis of his fear of arrest and attendant persecution in Mauritania, the agency did not err in determining that he failed to establish it was objectively reasonable. *See Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir.2005) Moreover, Diop's background materials did not provide "solid support" for Diop's claimed fear; they did not indicate that individuals who, like Diop, lacked a background of political activism had nevertheless been targeted for arrest based on their alleged involvement in black nationalist organizations. *See id.*

Having concluded that the denial of Diop's asylum claim was proper, we must find that the BIA likewise did not err in finding that Diop did not satisfy the higher burden of proof for his withholding of removal claim, which shared the same factual predicate. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending mo-

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for for-

tion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).